IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEE SPRUILL,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION, and FRANKLIN ALBERT SMITH, M.D.,**<br><br>       **Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 4:18-cv-00027**<br><br>**Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

On May 8, 2018, Plaintiff Michael Lee Spruill (Plaintiff or Mr. Spruill) filed his case against Defendants Federal Bureau of Investigation (FBI) and Franklin Albert Smith (Smith) (collectively Defendants). (ECF No. 1.)  Thereafter, Mr. Spruill filed an Amended Complaint on June 4, 2018 (ECF No. 10), and a motion to supplement on July 5, 2018. (ECF No. 14.)

On August 13, 2018, Defendant FBI July filed a motion to dismiss Plaintiff's claims (ECF No. 21), and a week later Mr. Spruill filed his "Motion for Ruling". (ECF No. 26.)

**PLAINTIFF'S AMENDED COMPLAINT**

As an initial matter, there is no indication that Mr. Spruill served his initial May 8, 2018, pleading on either Defendant prior to filing his Amended Complaint on June 4, 2018. (ECF No. 6.) Therefore, the court considers the Amended Complaint to be the operative pleading. Mr. Spruill served his Amended Complaint (ECF No. 6) on Defendant FBI on June 15, 2018. (ECF No. 10.) Defendant Smith, however, was never served and he is not an employee or agent of the FBI. (ECF No. 21.) As a result, Mr. Spruill's claims Smith are dismissed without prejudice for failure to effect timely service. *See* Fed. R. Civ. P. 4(m).

Upon review, Mr. Spruill's Amended "Civil Rights" Complaint mounts a claim against Defendants under 42 U.S.C. §1985 alleging Defendants forced him into "premeditated child sexual slavery" as part of a "prohibited project known as Project MK Ultra, also known as '13 11 21'" in violation of the Eighth and Thirteenth Amendments. (ECF No. 6, ¶1(a)(2).) As a slave, Plaintiff suffered extreme emotional distress and was subjected to "break-ins, kidnapping, hypnosis, drug facilitation, neuro chips, EEG Programing, aggravated sexual abuse[,]" sexual assault, cross dressing, sexual trafficking, and mind control. (ECF No. 6.) As a remedy Mr. Spruill seeks, among other things, all profits and revenues generated from the businesses that benefitted from his "slavery". (ECF No. 6 at 11.)

**PENDING MOTIONS**

Pursuant to a 28 U.S. C. §636(b)(1)(B) referral from District Court Judge David Nuffer (ECF No. 5), the following motions are currently pending before this court: (1) Mr. Spruill's motion to supplement his Amended Complaint (ECF No. 14) and; (2) the FBI's motion to dismiss Plaintiff's case for lack of subject matter jurisdiction. (ECF No. 21.) Based on the content, the court interprets Mr. Spruill's "Motion for Ruling" as an opposition to the FBI's pending motion for dismissal. (ECF No. 26.)

1. **Plaintiff's Motion to Supplement**

Defendant FBI has not filed a formal opposition to the motion to supplement,[1] and Mr. Spruill's unopposed motion is granted. (ECF No. 14); Fed. R. Civ. P. 15(d). In its review of the FBI's motion for dismissal, the court considers the allegations set forth in Mr. Spruill's supplementation.

2. **FBI's Motion to Dismiss**

    a. **Standard of Review**

Generally, a pro se litigant's pleadings should be "liberally construed." *Estell v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1996); Fed. R. Civ. P. 8(f). Nonetheless, even a pro se litigant must comply with the jurisdictional, procedural and factual standards applicable to other litigants, *see Ogden v. San Juan Cnty.*, 32 F.3d 452 (10th Cir. 1994), and a court may not

---

[1] Defendant FBI objects to Plaintiff's motion to supplement in the body of its motion to dismiss, but has not filed a separate opposition to the motion as required under the local rules. *See* DUCivR X.

3

act as an advocate for a litigant proceeding without counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1270-1271 (10th Cir. 1998) (*quoting Tafoya v. U.S. Dept. of Justice,* 748 F.2d 1389, 1390 (10th Cir. 1984). As plaintiff in this action, Mr. Spruill bears the burden of establishing federal jurisdiction. *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). To do so, he "must 'allege in [his] pleading the facts essential to show jurisdiction,' and 'must support [those facts] by competent proof.'" *United States ex rel. Precision Co. v. Koch Indus.,* 971 F. 2d 548, 551 (10th Cir. 1992) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936). When reviewing a motion to dismiss for lack of subject matter jurisdiction a court, must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995).

### b. The Court Lacks Jurisdiction Over Spruill's Claims.

The United States is a sovereign and in order to bring a lawsuit against it or its officers or agencies, including the FBI , a party must identify an express waiver of sovereign immunity and statutory authority granting subject matter jurisdiction. As a general rule, "'the United States, as sovereign, is immune from suit save as it consents to be sued.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (*quoting United States v. Sherwood*, 312

4

U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). The United States' consent to be sued is a "prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L .Ed. 2d 580 (1983). When the United States has not waived it sovereign immunity, a lawsuit must be dismissed. *See Flute v. U.S.,* 808 F.3d 1234, 1239 (10th Cir. 2015).

In this case, the court concludes that it lacks subject matter jurisdiction over Plaintiff's claims because Mr. Spruill has not established compliance with any waiver of sovereign immunity allowing him to sue the FBI for damages. First, the United States has not waived its sovereign immunity for its agencies, or employees acting in their official capacities, to be sued for alleged Constitutional violations. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 478, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) ("[T]he United States simply has not rendered itself liable. . . for constitutional tort claims."); *Martinez v. Winner,* 771 F.2d 424, 442 (10th Cir. 1985) (holding no waiver of sovereign immunity to bring constitutional claims against the Department of Justice or its employees sued in their official capacities). Second, Spruill fails to establish a waiver of sovereign immunity under 42 U.S.C. §1985, and the United States does not waive sovereign immunity for claims under this section. *Jones v. Nat'l. Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S. D. N. Y. 2006) ("The U.S. government has not waived its sovereign immunity for claims under Section 1981 to 1986 of Title 42.").

Mr. Spruill's motion for ruling references an "express agreement" regarding "subject matter and jurisdiction concerns" and directs the court to his Exhibit Eight (8) attached to his "motion". (ECF No. 26 at 6.) Exhibit Eight (8), however, contains a Shipment Confirmation

5

email, dated June 15, 2018, from Office Depot/Office Max confirming Mr. Spruill's purchase of a "High-Yield Blank Ink Cartridge". (ECF No. 26-8.) Although Plaintiff finds significance in numerical combinations contained in the Shipping Confirmation, it is unclear what Mr. Spruill believes the number sequences demonstrate or how they establish the United States' unequivocal waiver of sovereign immunity.

For these reasons, the court finds that Mr. Spruill fails to establish compliance with any waiver of sovereign immunity allowing him to sue the United States and its agencies. As a result, the court lacks subject matter jurisdiction over Plaintiff's action and the Amended Complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 12(b)(1).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS:

1. Plaintiff's motion to supplement the complaint is GRANTED. (ECF No. 14.)
2. Defendant FBI"s motion to dismiss for lack of subject matter jurisdiction is GRANTED without prejudice. *See* Fed. R. Civ. P. 12(b)(1). (ECF No. 21.) Plaintiff's claims against Defendant Smith are also dismissed without prejudice for failure to effectuate timely service. *See* Fed. R. Civ. 4(m).
3. Plaintiff's motion for ruling is DENIED. (ECF No. 26.)

Copies of this Report and Recommendation are sent to the Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any

objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

        SO ORDERED this 14th day of September, 2018.

        BY THE COURT:

        _____
        Dustin B. Pead
        U.S. Magistrate Judge